## EWERS et v COOK

Ohio Appeals, 7th Dist, Belmont Co
Decided Dec 13, 1929

Attorneys not given.

**FARR, J.**

Section 7764-1 GC became effective August 26th, 1921, and it provides as follows:-

"Boards of Education shall provide work in high school branches, as mentioned in 7648, GC, at some school within four miles of the residence of each such child, for those children of compulsory school age who have finished the ordinary grade school curriculum, except those who live within four miles of a high school, and those for whom transportation to a high school has been provided."

This Section was repealed, 111 Ohio Laws, at page 123, and that repeal became effective on July 11, 1925.

Prior to that time, under the above Section, it was held in the case of **State v. Beamer et al., 109 Oh St 133**, at page 141, that it was the mandatory duty of Boards of Education to furnish transportation, or board and room.

To the same effect, was 7749-2 GC limiting it, perhaps, to board and room for a child residing within four miles of a high school.

This Section 7749-2 was enacted in 109 Ohio Laws, at page 290, and in **State v. Beamer, et al., 109 Oh St**, at page 133, and **Sommers v. Board of Education, 112 Oh St, 177**, these sections of the ·General Code were held to be mandatory, also in **Board of Education v. Cox, 117 Oh St 406**.

Section 7749-1 GC reads as follows:-

"When Board may provide transportation to high school,—

The Board of Education of any district, except as provided in Sec. 7749, may provide transportation to a high school within or without the school district; but in no case shall such board of education be required to provide high school transportation except . as follows:-

If the transportation of a child to a high school by a district of a county school district is deemed and declared by the county board of education advisable, and practicable, the board of · education of the district in which the child resides shall furnish such transportation."

This Section was originally enacted, as shown in Vol. 19, page 290, and amended 111 of Ohio Laws, at page 123, and it became effective July 11, 1925.

In the instant case, Cook applied to the County Board of Education for transportation for his children to the Bethesda High School. It was declined, and he also applied to the Board of Education of Goshen Township, where he resides, for transportation for his children.

It was declined, and then, the County Board of Education did not declare that it was "advisable and practicable" for the Goshen Township Board of Education to transport these children to the Bethesda High School, and as provided in the above Section.

It will be observed that by the enactment of this Section 7749-1 GC, that the word "shall" was changed to "may", making the provisions discretionary rather than mandatory.

There had been considerable dispute throughout the State with reference to the transportation of children. Mud roads had furnished a problem difficult to solve, so that evidently, it was the purpose of the Legislature to invest in Boards of Education a certain discretion with reference to the transportation of children, under the circumstances of a case like the case at bar.

The conclusion is that it is not mandatory or compulsory upon the part of Boards of Education to furnish transportation &c.; that it was not mandatory upon the County Board to declare it "advisable and practicable" for the Goshen Township Board to transport the children to the Bethesda High School, but that it rested in the discretion of these Boards, and, having reached that conclusion, and that the Section is no longer mandatory, it follows that the judgment in the instant case must be reversed, and it is so ordered.

Roberts and Pollock, JJ, concur.